UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT BURCK d/b/a THE NAKED COWBOY,<br><br>              Plaintiff,<br><br>    v.<br><br>MARS, INCORPORATED and CHUTE GERDEMAN, INCORPORATED,<br><br>              Defendants. | C.A. No. 08 Civ. 1330-DC |

**ANSWER AND AFFIRMATIVE DEFENSES
OF DEFENDANT MARS, INCORPORATED**

Defendant Mars, Incorporated ("Mars"), by and through counsel, hereby responds to the Complaint filed by Plaintiff Robert Burck d/b/a The Naked Cowboy ("Burck") and in response to the specific numbered paragraphs of the Complaint, admits, denies and alleges as follows:

1. Mars is without knowledge or information sufficient to form a belief as to the truth of paragraph 1.

2. Mars admits the allegations in subsection (A) of paragraph 2. Mars is without knowledge or information sufficient to form a belief as to the truth of subsection (B) of paragraph 2. To the extent the allegations in subsection (C) refer or relate to Defendant Chute Gerdeman, Inc. ("Chute Gerdeman"), Mars is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in subsection (C) of paragraph 2. Mars admits that it engages in substantial and systematic business in the State of New York, denies that any cause of action has arisen, and states that the remaining allegations contained in subsection (C) of paragraph 2 are legal conclusions to which no response is required.

TECH/578475.2

3.  Mars denies that any cause of action has arisen and states that the allegations contained in paragraph 3 are legal conclusions to which no response is required.

4.  Mars denies that any cause of action has arisen and states that the allegations contained in paragraph 4 are legal conclusions to which no response is required.

5.  Mars is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5.

6.  Mars denies that Burck owns trademarks rights in his "get-up, which features a white cowboy hat, white boots, white underpants, and an acoustic guitar" and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 6.

7.  Mars is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7.

8   Mars is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8.

9.  Mars is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9.

10. Mars is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10.

11. Mars is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11.

12. Mars is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12.

13. Mars is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13.

14. Mars is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14.

15. Mars is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15.

16. Mars is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16.

17. Mars is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17.

18. Mars is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18.

19. Mars is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19.

20. Mars denies that any "infringements" have taken place and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 20.

21. Mars admits that Robert J. Burck is listed in the United States Patent and Trademark Office's Internet database as the owner of record for U.S. Registration No. 2,760,208 for a miscellaneous design mark and Registration No. 2,560,456 for the wording "NAKED COWBOY." Mars denies that Burck's, or the so-called Naked Cowboy's, "likeness," is a registered trademark.

22. Mars is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22.

23. Mars is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23.

24. Mars denies that Burck owns trademarks for his "persona," and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 24.

25. Mars denies the allegation that it "decided to exploit and trade upon the Naked Cowboy's well-recognized likeness." Mars admits that it has entered into no license agreement nor provided any compensation to Burck in conjunction with the events alleged in Burck's Complaint.

26. Mars denies the allegation that "Since April 2007, on two oversize video billboards situated in the heart of Times Square, Mars has been running an animated cartoon advertisement featureing a blue "M&M" dressed up exactly like The Naked Cowboy—white underwear, white cowboy hat, white cowboy boots, and white guitar included." Mars admits that in April 2007 it had several animated video clips displayed in Times Square on an external video billboard and that one of the clips featured a number of M&M'S Characters engaged in a variety of activities, including the blue M&M's Character wearing a white cowboy hat, white gloves, cowboy boots, white briefs, holding a guitar, standing in Times Square. The blue M&M'S Character was depicted for approximately three seconds.

27. Mars denies the allegations of paragraph 27.

28. Mars denies the allegations of paragraph 28.

29. Mars denies the allegations of paragraph 29.

TECH/578475.2

30. Mars denies the allegation that it has displayed a "pictorial version of the 'Naked Cowboy' M&M," and that the image "depicts a yellow M&M posing in the same trademarked get-up described in paragraph 25." Mars admits that in the interior of its New York City M&M'S World store, it has displayed a mural that shows multiple images, one of which is a Yellow M&M'S Character that is dressed in cowboy attire.

31. Mars denies that any infringement of Burck's right of publicity or alleged trademark rights has occurred, and admits that Burck is seeking compensation in the Complaint.

32. Mars admits that Chute Gerdeman created or caused to be created certain images that Mars used in an external video billboard and internal mural at its New York City M&M'S World store. One of the images created by Chute Gerdeman is an M&M'S Character dressed in cowboy attire. Mars denies the remaining allegations of paragraph 32.

33. Mars admits that it is the manufacturer of M&M'S® candies. Mars admits that it retained Chute Gerdeman to provide design services relating to its New York City M&M'S World store. Mars further admits that Chute Gerdeman created or caused to be created certain images that Mars used in an external video billboard and internal mural at its New York City M&M'S World store. One of the images created or caused to be created by Chute Gerdeman is an M&M'S Character dressed in cowboy attire.

34. Mars admits that the letter referenced in paragraph 34 was sent to Mars.

35. Mars is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35.

36. Mars denies the allegations of paragraph 36.

37. Upon information and belief, Mars admits that Chute Gerdeman sent a letter to Burck's attorney denying Chute Gerdeman's involvement in the disputed images. Mars is

without knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 36 relating to content on Chute Gerdeman's website.

38.     Mars denies the allegations of Paragraph 38. Burck's allegation that "no ... substantive response has been received by Burck's counsel to date" is false. After receiving Burck's letter, dated January 2, 2008, Mars sent Burck's attorney a substantive response on February 6, 2008, to which Burck responded on February 7, 2008, the day before Burck filed the Complaint.

39.     Mars denies the allegations of paragraph 39.

## ANSWER TO ALLEGATIONS REGARDING COUNT I

40.     In response to paragraph 40 of the Complaint, Mars repeats, re-alleges and reiterates each and every response as set forth above in paragraphs 1 through 39 with the same force and effect as if fully set forth herein.

41.     Mars denies the allegations of paragraph 41.

42.     Mars denies the allegations of paragraph 42.

43.     Mars denies the allegations of paragraph 43.

44.     Mars denies the allegations contained in the first sentence of paragraph 44. Mars admits the allegations in the second sentence of paragraph 44 to the extent they recite the damages Burck is seeking to recover.

## ANSWER TO ALLEGATIONS REGARDING COUNT II

45.     In response to paragraph 45 of the Complaint, Mars repeats, re-alleges and reiterates each and every response as set forth above in paragraphs 1 through 44 with the same force and effect as if fully set forth herein.

46.     Mars denies the allegations of paragraph 46.

TECH/578475.2

47.  Mars denies the allegations contained in the first sentence of paragraph 47. Mars admits the allegations in the second sentence of paragraph 47 to the extent they recite the damages Burck is seeking to recover.

48.  Mars denies the allegations of paragraph 48.

49.  Mars denies the allegations of paragraph 49.

50.  Mars denies the allegations of paragraph 50.

51.  Mars denies the allegations of paragraph 51.

## GENERAL DENIAL

Mars denies each and every factual allegation in the Complaint that is not specifically admitted or otherwise addressed in the preceding paragraphs and demands strict proof thereof.

## ANSWER TO PRAYER FOR RELIEF

Mars denies that Burck is entitled to the judgment and relief prayed for in paragraphs (1)-(3) on page 10 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

The Complaint, and each cause of action contained therein, fails to state facts sufficient to constitute a cause of action.

## SECOND AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by the doctrine of laches.

## THIRD AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by the doctrine of estoppel.

## FOURTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by the doctrine of acquiescence.

## FIFTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by the doctrine of waiver.

TECH/578475.2

### SIXTH AFFIRMATIVE DEFENSE

The Complaint is barred by the doctrine of unclean hands in that Burck has engaged in inequitable conduct directly related to the subject matter of this litigation.

### SEVENTH AFFIRMATIVE DEFENSE

The Complaint is barred by the fact that Burck has made no subtstantially exclusive use of a cowboy hat and guitar, devices that have been used by numerous entertainers since long before Burck began performing, and Burck has established no protectable interest in such devices.

### EIGHTH AFFIRMATIVE DEFENSE

The Complaint is barred by the doctrine of Fair Use.

### NINTH AFFIRMATIVE DEFENSE

The Complaint is barred by the free speech provisions of the First Amendment.

### TENTH AFFIRMATIVE DEFENSE

The Complaint is barred by the doctrine of parody.

### ELEVENTH AFFIRMATIVE DEFENSE

Mars has not misappropriated Burck's "name, likeness or persona" for commercial purposes.

### TWELFTH AFFIRMATIVE DEFENSE

Mars reserves the right to amend its Answer and to assert additional defenses and/or supplement, alter or change its Answer and defenses upon the discovery of more definitive facts and upon the completion of a continuing investigation and discovery.

**WHEREFORE,** given the aforementioned response to Burck's Complaint, Mars respectfully requests that this Court grant it the following relief:

A. That the Complaint be dismissed with prejudice and judgment granted in Mars's favor;

B. That the Court award Mars its attorneys' fees in connection with this litigation;

C. That the Court award Mars its costs in connection with this litigation; and

D. That the Court award Mars such other and further relief as the Court deems just and proper.

Dated: March 17, 2008

Respectfully submitted,

**ARENT FOX LLP**

*[signature]*

Leslie K. Mitchell, N.Y. Bar No. LM2811
Joseph R. Price (*pro hac motion filed Mar. 18. 2008*)
Ross Q. Panko
ARENT FOX LLP
1675 Broadway
New York, New York 10019
Telephone: (212) 484-3900
Facsimile: (212) 484-3990

*Counsel for Defendant Mars, Incorporated*

9

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the *Rule 7.1 Disclosure Statement* and *Answer and Affirmative Defenses of Defendant Mars, Incorporated* was served on March 17, 2008 upon Plaintiff's attorneys of record via first-class mail at the following addresses:

> Kevin T. Mulhearn, P.C.
> 60 Dutch Hill Road, Suite 8
> Orangeburg, NY 10962
>
> Scott M. Rothman, Esq.
> Halberstadt Curley LLC
> 100 E. Hector Street
> Suite 425
> Conshohocken, PA 19428

And upon:

> Timothy C. Long, Esq.
> 455 South Ludlow Alley
> Columbus, Ohio 43215

By: *[signature]*
Joseph R. Price