UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT BURCK d/b/a THE NAKED COWBOY,<br><br>    Plaintiff,<br><br>v.<br><br>MARS INCORPORATED and CHUTE GERDEMAN, INC.,<br><br>    Defendants. | C.A. No. 08 Civ. 1330-DC |

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT CHUTE GERDEMAN, INC.

Defendant Chute Gerdeman, Inc. ("Chute Gerdeman"), by and through counsel, hereby responds to the Complaint filed by Plaintiff Robert Burck d/b/a The Naked Cowboy ("Burck") and in response to the specific numbered paragraphs of the Complaint, admits, denies and alleges as follows:

1.   Chute Gerdeman is without knowledge or information sufficient to form a belief as to the truth of paragraph 1.

2.   Chute Gerdeman admits subsection (A) of paragraph 2 with the condition that Chute Gerdeman admits that Defendant Mars Incorporated ("Mars") has admitted it has a place of business at 6885 Elm Street, McLean, Virginia, 22101. Chute Gerdeman admits subsection (B) of paragraph 2. To the extent the allegations in subsection (C) refer or relate to Defendant Mars, Chute Gerdeman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in subsection (C) of paragraph 2. Chute Gerdeman admits that it has engaged in business in the State of New York, denies that any cause of action has arisen,

and states that the remaining allegations contained in subsection (C) of paragraph 2 are legal conclusions to which no response is required.

3. Chute Gerdeman denies that any cause of action has arisen and states that the allegations contained in paragraph 3 are legal conclusions to which no response is required.

4. Chute Gerdeman denies that any cause of action has arisen and states that the allegations contained in paragraph 4 are legal conclusions to which no response is required.

5. Chute Gerdeman is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5.

6. Chute Gerdeman denies that Burck owns trademarks rights in his "get-up, which features a white cowboy hat, white boots, white underpants, and an acoustic guitar" and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 6.

7. Chute Gerdeman is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7.

8 Chute Gerdeman is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8.

9. Chute Gerdeman is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9.

10. Chute Gerdeman is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10.

11. Chute Gerdeman is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11.

12. Chute Gerdeman is without knowledge or information sufficient to form a belief

as to the truth of the allegations of paragraph 12.

13. Chute Gerdeman is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13.

14. Chute Gerdeman is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14.

15. Chute Gerdeman is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15.

16. Chute Gerdeman is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16.

17. Chute Gerdeman is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17.

18. Chute Gerdeman is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18.

19. Chute Gerdeman is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19.

20. Chute Gerdeman denies that any "infringements" have taken place and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 20.

21. Chute Gerdeman admits that Robert J. Burck is listed in the United States Patent and Trademark Office's Internet database as the owner of record for U.S. Registration No. 2,760,208 for a miscellaneous design mark and Registration No. 2,560,456 for the wording "NAKED COWBOY." Chute Gerdeman denies that Burck's, or the so-called Naked Cowboy's, "likeness," is a registered trademark.

22. Chute Gerdeman is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22.

23. Chute Gerdeman is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23.

24. Chute Gerdeman denies that Burck owns trademarks for his "persona," and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 24.

25. Chute Gerdeman denies the allegation that it "decided to exploit and trade upon the Naked Cowboy's well-recognized likeness." Chute Gerdeman admits that it has entered into no license agreement nor provided any compensation to Burck in conjunction with the events alleged in Burck's Complaint.

26. Chute Gerdeman is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26.

27. Chute Gerdeman is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27.

28. Chute Gerdeman is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28.

29. Chute Gerdeman is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29.

30. Chute Gerdeman denies the allegation that Mars has displayed a "pictorial version of the 'Naked Cowboy' M&M," and that the image "depicts a yellow M&M posing in the same trademarked get-up described in paragraph 25." Chute Gerdeman admits that the interior of the New York City M&M'S WORLD store contained a mural showing multiple images, one of

which was a Yellow M&M'S Character that is dressed in cowboy attire.

31. Chute Gerdeman denies that any infringement of Burck's right of publicity or alleged trademark rights has occurred, and admits that Burck is seeking compensation in the Complaint.

32. Chute Gerdeman admits that under contract to Mars, Chute Gerdeman created the interior mural at the New York M&M'S WORLD store and that one of the images in the mural is a Yellow M&M'S Character dressed in cowboy attire. Chute Gerdeman denies that it created the "video ad." Chute Gerdeman denies the remaining allegations of paragraph 32.

33. Chute Gerdeman admits that Mars is the manufacturer of M&M'S® candies. Chute Gerdeman admits that it was retained by Mars to provide design services relating to its New York City M&M'S WORLD store. Chute Gerdeman admits that it created an image of a Yellow M&M'S Character dressed in cowboy attire, which was displayed in an interior mural at the New York City M&M'S WORLD store. Chute Gerdeman denies that it created the external video ad at the New York City M&M'S WORLD store. Chute Gerdeman denies that either the mural or video ad infringe Burck's alleged rights.

34. Chute Gerdeman is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34.

35. Chute Gerdeman admits paragraph 35.

36. Chute Gerdeman denies the allegations of paragraph 36.

37. Chute Gerdeman denies the allegations of paragraph 37. Chute Gederaman admits that it denied that it created the "video billboards" and "print and video format" advertisements.

38. Chute Gerdeman is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38.

39. The allegations of paragraph 39 are legal conclusions to which no response is required.

## ANSWER TO ALLEGATIONS REGARDING COUNT I

40. In response to paragraph 40 of the Complaint, Chute Gerdeman repeats, re-alleges and reiterates each and every response as set forth above in paragraphs 1 through 39 with the same force and effect as if fully set forth herein.

41. Chute Gerdeman denies the allegations of paragraph 41.

42. Chute Gerdeman denies the allegations of paragraph 42.

43. Chute Gerdeman denies the allegations of paragraph 43.

44. Chute Gerdeman denies the allegations contained in the first sentence of paragraph 44. Chute Gerdeman admits the allegations in the second sentence of paragraph 44 to the extent they recite the damages Burck is seeking to recover.

## ANSWER TO ALLEGATIONS REGARDING COUNT II

45. Paragraphs 45-47 constitute Plaintiff's claim of violation of N.Y. Civil Rights Law § 51, which has been dismissed by the Court. Accordingly, these paragraphs are purposefully not answered by Chute Gerdeman.

48. Chute Gerdeman denies the allegations of paragraph 48.

49. Chute Gerdeman denies the allegations of paragraph 49.

50. Chute Gerdeman denies the allegations of paragraph 50.

51. Chute Gerdeman denies the allegations of paragraph 51.

## GENERAL DENIAL

Chute Gerdeman denies each and every factual allegation in the Complaint that is not specifically admitted or otherwise addressed in the preceding paragraphs and demands strict proof thereof.

## ANSWER TO PRAYER FOR RELIEF

Chute Gerdeman denies that Burck is entitled to the judgment and relief prayed for in paragraphs (1)-(3) on page 10 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

The Complaint, and each cause of action contained therein, fails to state facts sufficient to constitute a cause of action.

## SECOND AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by the doctrine of laches.

## THIRD AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by the doctrine of estoppel.

## FOURTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by the doctrine of acquiescence.

## FIFTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by the doctrine of waiver.

## SIXTH AFFIRMATIVE DEFENSE

The Complaint is barred by the doctrine of unclean hands in that Burck has engaged in inequitable conduct directly related to the subject matter of this litigation.

### SEVENTH AFFIRMATIVE DEFENSE

The Complaint is barred by the fact that Burck has made no substantially exclusive use of a cowboy hat and guitar, devices that have been used by numerous entertainers since long before Burck began performing, and Burck has established no protectable interest in such devices.

### EIGHTH AFFIRMATIVE DEFENSE

The Complaint is barred by the doctrine of Fair Use.

### NINTH AFFIRMATIVE DEFENSE

The Complaint is barred by the free speech provisions of the First Amendment.

### TENTH AFFIRMATIVE DEFENSE

The Complaint is barred by the doctrine of parody.

### ELEVENTH AFFIRMATIVE DEFENSE

Chute Gerdeman has not misappropriated Burck's "name, likeness or persona" for commercial purposes.

### TWELFTH AFFIRMATIVE DEFENSE

Chute Gerdeman reserves the right to amend its Answer and to assert additional defenses and/or supplement, alter or change its Answer and defenses upon the discovery of more definitive facts and upon the completion of a continuing investigation and discovery.

**WHEREFORE,** given the aforementioned response to Burck's Complaint, Chute Gerdeman respectfully requests that this Court grant it the following relief:

A.  That the Complaint be dismissed with prejudice and judgment granted in Chute Gerdeman's favor;

B.  That the Court award Chute Gerdeman its attorneys' fees in connection with this litigation;

C.  That the Court award Chute Gerdeman its costs in connection with this litigation; and

D.  That the Court award Chute Gerdeman such other and further relief as the Court deems just and proper.

Dated: July 10, 2008

Respectfully submitted,

Chute Gerdeman, Inc.

**BY: ARENT FOX LLP**

_____
Joseph R. Price (admitted *pro hac vice*)
Leslie K. Mitchell, N.Y. Bar No. LM2811
Ross Q. Panko
ARENT FOX LLP
1675 Broadway
New York, New York 10019
Telephone: (212) 484-3900
Facsimile: (212) 484-3990

*Counsel for Defendants Chute Gerdeman, Inc.
and Mars Incorporated*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the *Rule 7.1 Disclosure Statement* and *Answer and Affirmative Defenses of Defendant Chute Gerdeman, Inc.* was served on July 10, 2008 upon Plaintiff's attorneys of record via first-class mail at the following addresses:

>Kevin T. Mulhearn, P.C.
>60 Dutch Hill Road, Suite 8
>Orangeburg, NY 10962
>
>Scott M. Rothman, Esq.
>Halberstadt Curley LLC
>100 E. Hector Street
>Suite 425
>Conshohocken, PA 19428

And upon:

>Timothy C. Long, Esq.
>455 South Ludlow Alley
>Columbus, Ohio 43215

By: /s/ Joseph R. Price
Joseph R. Price