UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:  8/29/08
```

ROBERT BURCK
d/b/a THE NAKED COWBOY,

        Plaintiff,

    v.

MARS INCORPORATED

and

CHUTE GERDEMAN, INC.,

        Defendants.

CASE NUMBER: 08 CIV 1330

JUDGE DENNY CHIN

## PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c) and it appearing that there is good cause for an Order requiring confidential treatment of certain documents and information that may be disclosed during discovery or other proceedings herein, the public disclosure of which could adversely affect the business interests of the Parties (hereinafter "Party," if singular, and the "Parties," if plural), it is hereby ORDERED that:

## 1. *PROCEEDINGS AND FORM OF INFORMATION GOVERNED.*

This Order shall govern any document, information or other thing that is designated as "Confidential Information" under any of the categories of confidential information defined below, and is furnished by any Party or nonparty to any Party in connection with this action, *Robert Burck d/b/a The Naked Cowboy v. Mars Incorporated and Chute Gerdeman, Inc.*, Civil Action No. 08 CIV 1330 ("Action"). The form of information protected includes, but is not limited to, documents and things, responses to requests to produce documents or other things, responses to interrogatories, responses to requests for admissions, deposition testimony and

exhibits, responses to subpoenas, and all copies, extracts, summaries, compilations, designations and portions thereof.

## 2.    *DEFINITION OF CONFIDENTIAL INFORMATION.*

a.    The term "Confidential Information" shall be interpreted to mean trade secrets; other confidential and proprietary technical, research, or development information; commercial, financial, budgeting and/or accounting information; information about existing and potential customers, marketing studies, performance, and projections, business strategies, decisions and/or negotiations; information about personnel compensation, evaluations and other employment information; and confidential and proprietary information about affiliates, parents, subsidiaries and third parties with whom the Parties to this Action have had business relationships, which a producing Party in good faith so designates because of counsel's opinion that the information or any information derived from the information contains or reflects trade secrets or other confidential research, development, or commercial information.

b.    The scope of this Protective Order shall be understood to encompass not only those items or things which are expressly designated as Confidential Information, but also any information derived from the information, and all copies, counterparts, excerpts, and summaries of the information, as well as deposition testimony and oral conversation derived from the information.

## 3.    *DESIGNATION OF CONFIDENTIAL INFORMATION.*

a.    Any information produced in this Action that is reasonably believed by counsel for the producing Party to contain Confidential Information may be designated as "**CONFIDENTIAL**" or "**STRICTLY CONFIDENTIAL - FOR COUNSEL ONLY**," as appropriate. The designation of "**STRICTLY CONFIDENTIAL - FOR COUNSEL ONLY**" shall be limited to documents that are particularly sensitive or confidential, so long as the producing person or Party has a good faith belief that such information poses a reasonable risk of competitive harm to the position of the producing person or Party should the information become

2

known to a person or Party other than the producing person or Party and other than as permitted hereunder.

      b.      The designation of Confidential Information (defined herein to include both confidential and strictly confidential materials) shall be made at the following time:

      (1) For documents and things, at the time of the production of the documents or things. However, in the event a producing person or Party elects to produce documents and things for inspection pursuant to the Federal Rules, no designation need be made prior to the inspection. For purposes of the inspection, all documents shall be considered "**STRICTLY CONFIDENTIAL - FOR COUNSEL ONLY**." Upon request for copying, the producing person or Party shall designate such documents with the appropriate confidentiality marking;

      (2) For written responses to interrogatories or requests for admissions, at the time of the written response;

      (3) For declarations and court papers, at the time of the filing of such declaration or court paper (see ¶ 9.c);

      (4) For deposition testimony, at the time of the testimony (see ¶ 9.b) or within 30 business days after receipt by the designating Party of the transcript of the deposition;

      (5) For documents produced by third parties, within 30 days of the receipt by the designating Party of the documents.

      c.      The designation of Confidential Information shall be made in the following manner:

      (1) For documents, by placing a legend on each page of such document;

      (2) For tangible objects, by placing a label or tag on the object or the container for the object, or if not practicable, as otherwise agreed;

3

(3) For written responses to interrogatories or requests for admissions, on the face
of any such responses;

(4) For declarations or court papers, on the face of any such declaration or
pleading; and

(5) For depositions, following the procedure set forth in ¶ 9.b or in writing within
30 days after receipt by the designating Party of the transcript of the
deposition.

d.      It shall be the duty of the Party seeking protection of Confidential Information to
indicate to the other Party and its attorney of record which of the materials and testimony are
considered Confidential Information.

e.      Each party retains the right subsequently to re-designate documents and to require
such documents to be treated in accord with such designations from that time forward.

f.      Should a responding Party determine that a document subject to privilege or
immunity from discovery has been produced inadvertently, he/she shall bring it to the attention
of the receiving Party. The inadvertently disclosed documents and all copies shall be
immediately returned to the responding Party. Such disclosure, by itself, shall not constitute a
waiver of any claimed privilege.

## 4.     *RESOLUTION OF DISPUTES REGARDING DESIGNATION OF CONFIDENTIAL INFORMATION.*

a.      In the event that any Party takes issue with the designation of Confidential
Information, such Party shall so inform the other Parties to this lawsuit by providing written
notice, and all Parties shall make good faith efforts to resolve the dispute.

b.      In the event that the Parties are unable to resolve the dispute regarding
designation of Confidential Information, the Party disputing the designation may request
appropriate relief from the Court ten (10) business days after said written notice of its
disagreement. The burden of establishing that information has been properly designated as
**"CONFIDENTIAL"** or **"STRICTLY CONFIDENTIAL - FOR COUNSEL ONLY"** is on the

4

Party making such designation.  This document does not alter the burden imposed by law on any Party seeking to uphold any limitation on the production or dissemination of materials.  Nor shall this document be construed to limit the right of any Party to apply for and/or to obtain a protective order pursuant to the Federal Rules, or other equivalent or applicable court rule.

      c.      Counsel for a non-designating Party shall have the right to assert that any information designated as confidential is, in fact, in the public domain.  Any information which prior to disclosure hereunder, is either in the possession or knowledge of a non-designating Party or person who, absent this Protective Order, is under no restriction or obligation with respect to the dissemination of such confidential information, or is public knowledge or which, after disclosure, becomes public knowledge other than through an act or omission of a Party receiving the information designated as confidential, shall be deemed to be in the public domain.  A non-designating Party or person asserting that designated information is in the public domain shall, prior to any disclosure (outside of the parameters of this Protective Order) of such information previously designated confidential, either obtain the approval, in writing, of the designating Party, or the approval of the Court to make such disclosure and shall specifically indicate why it believes that the designated information is in the public domain.

      d.      If a non-designating Party challenges the confidentiality, or categorization, of material designated under this Protective Order, the designating person shall have the burden of establishing the confidential nature of the material and/or the proper categorization thereof.  The challenged designation and categorization shall remain in effect until changed by order of the Court or agreement of the designating Party.

**5.**      ***ACCESS TO "CONFIDENTIAL" INFORMATION.***

      a.      Access to information marked **"CONFIDENTIAL"** shall be limited to, and only to, the following "Qualified Persons":

      (1)      Outside attorneys of record in this Action and their employees and staff. Outside counsel for a Party and employees of such counsel, as described in

5

this paragraph, shall not be required to sign a Confidentiality Statement because such counsel and employees are bound by the provisions of this Protective Order.

(2)     Persons retained by the attorneys to provide litigation support services in this Action. Before any such person is permitted access to any of the Confidential Information, such person shall be informed of the existence and contents of this Protective Order. The attorney or law firm hiring such individual or company is responsible for that individual's or company's compliance with this Protective Order.

(3)     Independent experts and consultants retained in this Action by the attorneys of record, in so far as the attorneys of record may deem it necessary for the preparation or trial of this case to consult with such experts or consultants, and the conditions set forth in ¶ 7 herein are fulfilled in relation to any such actual or contemplated expert or consultant. Any employee, officer, or director of a Party shall not be considered an "independent expert or consultant" under this provision and shall not be permitted access to confidential information except as provided in ¶¶ 5.a.(5).

(4)     The Court and its employees and officers including, but not limited to jurors empanelled in the trial of this case and any appellate court considering an appeal from this case.

(5)     Any employees and agents for each Party, solely for purposes of the Action so long as such individual[s] to whom disclosure is made pursuant to order of court or by stipulation of the Parties shall, prior to receiving such disclosure, be furnished with a copy of this Protective Order and shall execute the Confidentiality Statement in the form of Exhibit A attached hereto, confirming that such person has read and understands its provisions and agrees to be bound thereby.

6

(6) Witnesses providing testimony at trial, but only at the time of such testimony and only as relevant and necessary to such testimony;

(7) Party and Non-Party witnesses being deposed, but only to the extent that such Confidential Information is necessary and relevant to said deposition, and provided that in the case of a deponent who is not also a Party, such deponent has signed an agreement in the form of Exhibit A, attached hereto, or the producing Party has waived such requirement in writing.

(8) Any other individual that the producing Party agrees in writing is a Qualified Person (which agreement shall not be unreasonably withheld); provided that, no Confidential Information may be provided or disclosed to any such individual unless the individual has been first provided with a copy of this Protective Order and has first executed the "Statement Concerning Confidential Information" (the "Confidentiality Statement") in the form of the document attached hereto as Exhibit A.

b. All materials containing information marked "**CONFIDENTIAL**" shall be maintained at a location and under circumstances to ensure that access is limited to those persons entitled to have access under this Protective Order.

## 6. *ACCESS TO "STRICTLY CONFIDENTIAL - FOR COUNSEL ONLY" INFORMATION.*

a. Access to information marked "**STRICTLY CONFIDENTIAL - FOR COUNSEL ONLY**" shall be limited to the "qualified persons" identified in 5.a.(1), (2), (3) and (4), with the disclosure to the independent experts and consultants specified in ¶ 5.a.(3) being governed by the procedure set forth below in ¶ 7, and shall not be shown to any other persons.

b. Information marked "**STRICTLY CONFIDENTIAL - FOR COUNSEL ONLY**" shall be disclosed to the Court as required and/or appropriate under seal.

c. All materials containing Confidential Information marked "**STRICTLY CONFIDENTIAL - FOR COUNSEL ONLY**" shall be maintained at a location and under

7

circumstances to ensure that access is limited to those persons entitled to have access under this Protective Order.  Under no circumstances is information marked "**STRICTLY CONFIDENTIAL - FOR COUNSEL ONLY**" to be maintained on the premises of a receiving Party.

## 7.    *DISCLOSURE TO EXPERTS AND HANDLING OF CONFIDENTIALITY STATEMENTS.*

a.      Each independent expert and consultant referred to in 5.a.(3) hereof to whom Confidential Information is to be given, shown, disclosed, made available or communicated in any way, shall first execute a declaration, in substantially the form attached hereto as Exhibit A, agreeing to be bound by the terms of this Protective Order.

b.      All executed Confidentiality Statements shall be transmitted to and retained by counsel for the Party disclosing the Confidential Information to the Qualified Person.  Any Confidentiality Statement shall be made available to the producing Party's counsel by agreement, or by petition to and order of the Court for good cause shown, consistent with Federal Rule 26(b)(4).  In addition, upon termination of the above-captioned litigation, any Confidentiality Statements not previously produced to the other parties shall be produced to such parties within fifteen days of any request for such Confidentiality Statements.

## 8.    *USE OF CONFIDENTIAL INFORMATION GENERALLY.*

Confidential Information disclosed pursuant to this Protective Order shall be used only for purposes of this litigation and shall be protected from any unauthorized or unrelated use in any other litigation or for any business, competitive or other purpose whatsoever.  Upon entry of this Protective Order by the Court, the Court shall retain continuing jurisdiction to administer or enforce the Protective Order with respect to any Confidential Information used or produced in the Action pending before the court.  No Confidential Information shall be used or disclosed in this Action until the Court has entered the Protective Order.  In the event that any Party to whom any Confidential Information has been produced desires to disclose any such document or information to a person pursuant to ¶ 5.a.(8) herein, that Party must seek prior written approval

8

from the producing Party. In the event that the producing Party does not agree to such disclosure, then both Parties shall promptly apply to the Court to resolve the matter. In no event shall any Confidential Information be disclosed over an objection until a ruling by the Court.

**9.    USE OF CONFIDENTIAL INFORMATION IN CONDUCT OF THIS ACTION.**

a.    Confidential Information may be used by the attorneys of record in good faith in conducting discovery, provided that the Confidential Information is protected pursuant to the terms and conditions of this Protective Order. When Confidential Information designated as Strictly Confidential is used in connection with any motion or pretrial hearing, or otherwise submitted to the Court, it shall be filed under seal, unless the producing Party agrees to waive the protection of this provision. Any documents filed under seal shall be kept under seal until further order of the Court. The Parties shall endeavor to have any Confidential Information and all pleadings or other court filings which incorporate or disclose Confidential Information submitted or presented to or filed with the court having jurisdiction over the Action placed under seal, such that the document will not be available to persons other than as authorized by this Protective Order. In the event that any Confidential Information is used in the Action, the Parties agree that it shall not lose its confidential status through such use, and the Parties shall take all reasonable steps to protect its confidentiality.

b.    At any deposition session, upon any inquiry with regard to the content of a document marked "**CONFIDENTIAL**," or "**STRICTLY CONFIDENTIAL - FOR COUNSEL ONLY**," or when counsel for a person (Party or non-Party) deems that the answer to a question may result in the disclosure of Confidential Information of his or her client within the meaning of this Protective Order, counsel for the person whose information is involved, at his or her option, in lieu of taking other steps available in such situation, may direct that the question and answer be transcribed separately from the remainder of the deposition and be filed in a sealed envelope marked in the manner set forth in ¶ 9.c hereof. When such a direction has been given, the disclosure of the testimony shall be limited in the manner specified in ¶¶ 5-7 hereof,

9

and the information contained therein shall not be used for any purpose other than as provided in this Protective Order. Counsel for the person whose Confidential Information is involved may also request that all persons other than the reporter, videographer, counsel and individuals authorized under ¶¶ 5-7 hereof leave the deposition room during the confidential portion of the deposition. The failure of such other persons to comply with a request to leave the deposition shall constitute substantial justification for counsel to advise the witness that he or she need not answer the question.

    c.     All information designated as Confidential Information which is filed or lodged with the Court shall be filed or lodged in sealed envelopes on which shall be affixed a copy of the cover page of the document contained therein. The cover page shall include the words **"CONFIDENTIAL"** or **"STRICTLY CONFIDENTIAL - FOR COUNSEL ONLY"** as appropriate and a legend substantially in the following form:

> This sealed container filed in this case, *Robert Burck d/b/a The Naked Cowboy v. Mars Incorporated and Chute Gerdeman, Inc.*, Civil Action No. 08 CIV 1330, in the United States District Court for the Southern District of New York, contains confidential materials generally identified as ["**CONFIDENTIAL**" or "**STRICTLY CONFIDENTIAL – FOR COUNSEL ONLY**"] pursuant to the Protective Order herein, this envelope shall not be opened nor the contents thereof revealed except by the Court, including court personnel as necessary for handling of the matter, or as directed by further Order of the Court. After any such opening or revelation, the envelope shall be resealed with the contents inside.

If the court clerk shall refuse to lodge or file a sealed pleading or memorandum, the Party attempting to file or lodge the pleading or memorandum shall not be prejudiced from re-filing an unsealed version of the pleading or memorandum as soon as reasonably practicable, and seeking to have such pleading or memorandum sealed through a motion. Upon default of the filing or lodging Party properly to designate Confidential Information and file or lodge such information in accordance with this Protective Order, any Party who in good faith believes that designation and filing under seal is required may do so within fifteen (15) days of learning of the defective filing or lodging. Notice of such designation shall be given to all Parties.

10

## 10.   PARTY'S OWN INFORMATION.

The restrictions on the use of Confidential Information established by this Protective Order are applicable only to the use of Confidential Information received by a Party, or counsel of a Party, from another Party or from a nonparty, or counsel of that Party or non-party. A Party is free to do whatever it desires with its own Confidential Information. No provision of this Protective Order shall be construed to limit or expand any Party's ability to seek further discovery in any form from any other Party or non-Party, it being the express intention of the Parties that this Protective Order shall be entirely neutral as to the scope of any discovery.

## 11.   DISCLOSURE TO PERSONS ENTITLED TO RECEIVE ACCESS.

Nothing herein shall prohibit a Party, or its counsel, from disclosing a document of a producing Party to a person who is (1) the author, addressee or recipient of such document; (2) a current or former employee of said producing Party; or (3) one entitled to receive access to said confidential information, so long as such person was entitled to receive access to the information at a time substantially contemporaneous with the document's date of preparation.

## 12.   RENDERING ADVICE TO CLIENTS.

Nothing in this Protective Order shall bar or otherwise restrict any attorney from rendering advice to his client with respect to this litigation or its subject matter and, in the course of rendering advice, referring to or relying generally on the examination of Confidential Information produced or exchanged; provided, however, that in rendering such advice and in otherwise communicating with his client, the attorney shall not disclose the contents of any Confidential Information produced by another Party if that disclosure would be contrary to the terms of this Protective Order.

## 13.   NO WAIVER.

Other than as specified herein, the taking of, or the failure to take, any action to enforce the provisions of this Protective Order, or the failure to object to any designation or any such action or omission, shall not constitute a waiver of any right to seek and obtain protection or

11

relief in this Action or any other action, such right including, but not limited to, the right to claim that any information is or is not proprietary to any Party, is or is not entitled to particular protection or that such information does or does not embody trade secrets of any Party. The procedures set forth herein shall not affect the rights of Parties to object to discovery on grounds other than those related to trade secrets or proprietary information claims, nor shall it relieve a Party of the necessity of proper response to discovery devices.

**14.    *NO PROBATIVE VALUE.***

a.      This Protective Order shall not abrogate or diminish any contractual, statutory or other legal obligation or right of any Party or person with respect to any Confidential Information. The fact that information is designated as Confidential Information under this Protective Order shall not be deemed to be determinative of what a trier of fact may determine to be confidential or proprietary. This Protective Order shall be without prejudice to the right of any Party to bring before the Court the question of: (a) whether any particular material is or is not confidential; (b) whether any particular information or material is or is not entitled to a greater or lesser degree of protection than provided hereunder; or (c) whether any particular information or material is or is not relevant to any issue of this case, provided that in doing so the Party complies with the foregoing procedures. Absent a stipulation of all Parties, the fact that information has been designated "**CONFIDENTIAL**" or "**STRICTLY CONFIDENTIAL - FOR COUNSEL ONLY**" under this Protective Order shall not be admissible during the trial of this Action.

b.      Any information that a Party contends is prior art shall not be designated as "**CONFIDENTIAL**" or "**STRICTLY CONFIDENTIAL - FOR COUNSEL ONLY**," except as otherwise stipulated by the parties.

**15.    *TERMINATION OF LITIGATION.***

Within 30 days of the final disposition of the above-entitled case, whether by judgment and exhaustion of all appeals, or by settlement, the attorneys of record:

12

a.      Shall, upon request, destroy or return to the disclosing Party, or its attorney of record, the Confidential Information, and any and all copies of such information, in their possession, custody or control or in the possession, custody or control of their staff;

b.      Shall, upon request, insure that all the Confidential Information, and any and all copies of such information, in the possession, custody or control of their experts and consultants, is destroyed or returned to the disclosing Party or its attorney of record;

c.      Shall, upon request, destroy all notes, memoranda or other documents which contain excerpts from any of the Confidential Information, and any and all copies of such information; and

d.      Shall, upon request, deliver to the disclosing Party, or its attorney of record, written confirmation that there has been compliance with the terms of this paragraph or that there has not been compliance and the reason for such noncompliance, upon receipt of which the disclosing Party may make application to the Court for further order as may be appropriate.

## 16.   ENFORCEMENT OF THIS PROTECTIVE ORDER.

This Protective Order shall survive the final conclusion of the Action and the Court shall have jurisdiction to enforce this Protective Order beyond the conclusion of this Action.

## 17.   MODIFICATION OF THIS PROTECTIVE ORDER.

In the event any Party hereto seeks a court order that in any way seeks to vary the terms of this Protective Order, said Party shall make such request in the form of a written stipulation, or noticed motion to all Parties that must be served and filed in accordance with local court rules.

## 18.   DISCLOSURE TO THE FACT FINDER.

Nothing herein shall be deemed to preclude disclosure to the Court having jurisdiction over the Action, including disclosure to the trier of fact at any time during any trial in such an action, to the extent that such disclosure is otherwise proper under the rules governing admissibility of evidence.

13

IT IS SO ORDERED this _29th_ day of _August_, 2008.

Denny Chin, United States District Judge

## EXHIBIT A

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

**ROBERT BURCK**
**d/b/a THE NAKED COWBOY,**

**Plaintiff,**

v.

**CASE NUMBER: 08 CIV 1330**

**MARS INCORPORATED**

**JUDGE DENNY CHIN**

**and**

**CHUTE GERDEMAN, INC.,**

**Defendants.**

The undersigned hereby acknowledges that he or she has read the Protective Order entered in the captioned action, and that he or she understands the terms thereof and agrees to be bound by those terms as if a signatory thereto. The undersigned further consents to subject himself or herself, in an action relating to the Protective Order, to the jurisdiction of the court having jurisdiction over the Action as described in the Protective Order. As set forth in the Protective Order, the court shall retain continuing jurisdiction to administer or enforce the Protective Order with respect to any Confidential Information used or produced in the Action pending before the court.

**Witness:** _____        **Signature:** _____

**Print Name:** _____        **Print Name:** _____

**Address:** _____        **Address:** _____

_____        _____

_____        

**Telephone:** _____        **Telephone:** _____

**Email:** _____        **Email:** _____

**Cellular** _____        **Cellular** _____

**SS #** _____        **SS#** _____